# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KINGSLEY DANKWA,
      Appellant,

    v.

DEPARTMENT OF LABOR,
      Agency.

DOCKET NUMBER
AT-4324-19-0152-I-1

DATE: May 17, 2024

## THIS ORDER IS NONPRECEDENTIAL[1]

Kingsley Dankwa, Cordova, Tennessee, pro se.

Monica Moukalif, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

Effective November 25, 2019, the agency removed the appellant from his GS-13 supervisory position during his supervisory probationary period. Initial Appeal File (IAF), Tab 1 at 7-9. The agency returned the appellant to his prior GS-12 position. *Id.* at 9. The appellant filed an appeal in which he alleged that he was demoted as a result of his membership in the U.S. Army Reserve. *Id.* at 3-5. The administrative judge docketed the instant USERRA appeal.[2] IAF, Tab 3. The appellant requested a hearing, IAF, Tab 1 at 2, which the administrative judge scheduled for June 10, 2019. IAF, Tab 10. However, because the appellant failed to submit a prehearing submission or appear for the scheduled telephonic prehearing conference, the administrative judge canceled the hearing, and scheduled a close of record conference, IAF, Tab 12 at 1-2, in which the appellant participated, IAF, Tab 14 at 1.

Based on the written record, the administrative judge denied the appellant's request for corrective action. IAF, Tab 19, Initial Decision (ID) at 8. He found that the Board had jurisdiction over the appeal. ID at 2. He also found that the appellant's evidence that his supervisor was a poor manager was not probative of her alleged discriminatory animus based on military status. ID at 5-7. The administrative judge did not credit the appellant's statements alleging that his supervisor commented negatively on the appellant's military obligation. ID at 1-3, 7; IAF, Tab 1 at 5, Tab 4 at 4. He concluded that the appellant failed to prove by a preponderance of the evidence that his military service was a substantial or motivating factor in the agency's decision. ID at 7.

---

[2] The administrative judge separately docketed the same initial appeal as a demotion appeal. *Dankwa v. Department of Labor*, MSPB Docket No. AT-315I-19-0150-I-1, Initial Decision (Mar. 26, 2019). He issued an initial decision dismissing the appeal for lack of jurisdiction and neither party petitioned for review. *Id.* at 1, 3.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. In his petition, he argues that the administrative judge improperly denied him a hearing. *Id.* at 3. He states that he was unable to be at the scheduled prehearing conference due to the sickness of his daughter and that he explained this to the administrative judge during the close of record conference. *Id.* The agency has not responded to the petition for review.

**ANALYSIS**

The Board employs a liberal approach in determining whether an appellant has established the Board's jurisdiction under USERRA, and the relative weakness of an appellant's assertions in support of his claim is not a basis for a jurisdictional dismissal. *Swidecki v. Department of Commerce*, 113 M.S.P.R. 168, ¶ 6 (2010). Rather, if an appellant fails to develop his contentions, his claim should be denied on the merits. *Id.* Once an appellant has established the Board's jurisdiction over his USERRA appeal, he has a right to a hearing on the merits of his claim. *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012).

In a USERRA discrimination case under 38 U.S.C. § 4311(a), such as the instant appeal, "[a] person who . . . has performed . . . service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that . . . performance of service." To establish jurisdiction over a USERRA discrimination claim before the Board, an appellant must nonfrivolously allege that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to his performance of duty or obligation to perform duty in the uniformed service. *Id.*

We agree with the administrative judge's finding that the appellant established jurisdiction over his appeal. ID at 1-2. He provided evidence of orders for active duty in 2017 and 2018, IAF, Tab 4 at 5-10, and that he informed his supervisor that he anticipated future orders, IAF, Tab 1 at 5, Tab 4 at 4. According to the appellant, the agency subsequently returned him to his prior grade level, effectively demoting him one grade. IAF, Tab 13 at 13. Further, the appellant alleged that his demotion was due to his obligation to perform duty in a uniformed service. IAF, Tab 4 at 4. An allegation that an employer took or failed to take certain actions based on an individual's military status or obligations in violation of USERRA constitutes a nonfrivolous allegation entitling the appellant to Board consideration of his claim. *Michaels v. Department of Defense*, 112 M.S.P.R. 676, ¶ 7 (2009). The appellant alleged that his supervisor decided to demote him when she found out that he was in the U.S. Army Reserve and he was required to drill at least 2 weeks or more a year and once a month on the weekend. IAF, Tab 1 at 5. The appellant alleged that his supervisor asked him how he was going to balance the competing demands of managing his staff and fulfilling his military obligations. *Id.* USERRA requires the Board to provide a hearing on the merits when an appellant requests one. 38 U.S.C. § 4324c)(1); *Kirkendall v. Department of the Army*, 479 F.3d 830, 844 (Fed. Cir. 2007). Thus, the appellant has a right to a hearing on the merits of his claim. *See Gossage*, 118 M.S.P.R. 455, ¶ 10.

The appellant did not waive his right to a hearing. Absent the appellant's waiver of his right to a hearing, the administrative judge's cancelation of the hearing is in fact a sanction. *Stein-Verbit v. Department of Commerce*, 72 M.S.P.R. 332, 337 (1996). Here, the administrative judge's cancelation was an apparent sanction for the appellant's failure to participate in the prehearing teleconference or submit prehearing submissions. IAF, Tab 10, Tab 12 at 1. The appellant's right to a hearing should not be denied as a sanction absent

extraordinary circumstances. *Wildberger v. Small Business Administration*, 63 M.S.P.R. 338, 346 (1994).

We find that the type of "extraordinary circumstances" that might warrant the extreme sanction of cancelation of a hearing are lacking in this case. Although the administrative judge states that the appellant failed to file prehearing submissions and failed to appear for a prehearing conference, the administrative judge directed both of these actions in one order. IAF, Tab 10 at 2, 4. Further, in response to the order canceling the hearing, the administrative judge scheduled a close of record conference in which the appellant participated. The administrative judge stated that, during the conference, the appellant explained that he did not participate in the prehearing conference because he was caring for his sick child and he was not aware that filing a prehearing submission was required. IAF, Tab 14 at 1 n.1.

The appellant's explanation offers a reasonable basis for his failure to participate in the prehearing conference. On review, he restates under penalty of perjury that he was unable to attend the prehearing conference "due to the sickness of [his] daughter." PFR File, Tab 1 at 3-4. The agency has not rebutted the appellant's assertion. Therefore, we accept his assertion that he did not attend the prehearing conference because his daughter was ill. *See Melendez v. Department of Veterans Affairs*, 73 M.S.P.R. 1, 4 (1996) (explaining that unrebutted sworn statements are competent evidence of the matters asserted therein). The appellant's failure to participate in a prehearing conference does not warrant denial of a hearing. *See Stein-Verbit*, 72 M.S.P.R. at 338 (concluding that an appellant's failure to participate in two prehearing teleconferences, in one case due to illness and in another due to lack of notice, did not warrant the extreme sanction of denial of a hearing). As to the appellant's failure to file prehearing submissions, his single failure to comply with the administrative judge's orders is not sufficient to show lack of due diligence, negligence, or bad faith in his compliance with the Board's orders such as would justify canceling

the appellant's requested hearing. *See Sims v. U.S. Postal Service*, 88 M.S.P.R. 101, ¶¶ 7-8 (2001); *Hart v. Department of Agriculture*, 81 M.S.P.R. 329, ¶¶ 5-7 (1999) (finding that an inadvertent failure to comply with an administrative judge's order was not an extraordinary circumstance that warranted the extreme sanction of denial of a hearing). Thus, here, the administrative judge improperly canceled the hearing and the appellant is entitled to the hearing he sought in his USERRA appeal.

To the extent that the appellant disagrees with the administrative judge's credibility findings, we decline to examine those findings here. PFR File, Tab 1 at 4. After holding a hearing, the administrative judge will issue a new initial decision with new credibility determinations consistent with the requirements of *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

In reaching this conclusion, we do not intend to imply that the appellant handled his appeal flawlessly. On remand, the appellant must be diligent in complying with the administrative judge's orders and in pursuing his appeal to avoid the imposition of sanctions necessary to serve the ends of justice.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this remand order.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.